PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY MCCRACKEN | ) | |
| | ) | CASE NO. 5:22CV1413 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SPRINGFIELD TOWNSHIP, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 3] |

*Pro se* Plaintiff Jeremy McCracken filed this action under 42 U.S.C. § 1983, § 1985, and

18 U.S.C. § 241 against Springfield Township in Summit County, Ohio, the Springfield

Township Police Department, Springfield Township Trustees Kellie Chapman, Joe DiLauro, and

Dean Young, Springfield Township Zoning Administrator Allan Swift, and Springfield

Township Police Chief Jack Simone.  In the Complaint, Plaintiff alleges that Springfield

Township officials entered property on which he resides and issued a notice to abate the storage

of junk vehicles on the property.  He asserts violation of his Fourth Amendment rights.  He seeks

injunctive relief and monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2).  That Motion is

granted.

## I.  Background

### A.  2347 E. Waterloo Road

Plaintiff resides in his father's house located on 2347 E. Watrerloo Road, Springfield

(5:22CV1413)

Township, Ohio.  In February 2022, Plaintiff discovered a noticed taped to his door demanding

removal of vehicles parked on the property.  Plaintiff does not allege to whom those vehicles

were titled.  He contends he noticed a police car driving away from the street in front of the

house.  He examined the area and saw footprints in the snow leading from the driveway around

one the parked vehicles to a second vehicle parked in back of the first vehicle.  He claims the

second vehicle was not visible from the road.  He contends he was not shown a warrant and did

not consent for officers to examine the vehicles.

Six months later, in August 2022, Plaintiff received a letter from the Springfield

Township Police Chief regarding the vehicles parked on the property.  He does not indicate to

whom the letter was addressed.  He claims that the letter described the vehicles as "junk

vehicles" in violation of Ohio Revised Code § 355.02.  In particular, the letter listed an

"unknown vehicle covered with a dark tarp in the rear yard."  Plaintiff alleges that the vehicle

was not visible from the street or from adjacent properties.  Plaintiff states the officers supplying

the information could not have determined that a vehicle was under the tarp simply by looking at

it, and concludes they therefore either issued the letter without actually confirming the presence

of a vehicle, or lifted the tarp and looked at the car without permission to do so.  He believes that

Springfield Township police officers entered the property without permission and looked under

the tarp.  Plaintiff asserts that this action violated his Fourth Amendment rights.

B.  417 Edith Avenue

Plaintiff alleges that his father resides at 417 Edith Avenue which is also in Springfield

Township, Ohio.  He states that in February 2022, two vehicles parked in his father's driveway

2

(5:22CV1413)

were removed.  He indicates that those two vehicles were covered with tarps and therefore not in plain view.  He indicates that the officers originally left a notice taped to the door similar to the one Plaintiff received.  Plaintiff states that one to two weeks later, the vehicles were gone from the driveway.  Plaintiff indicates their disappearance was not immediately noticed because his father away during that period of time.  He claims his brother discovered them missing when he went to check on the house.  Plaintiff assumes that the Springfield Police had the vehicles towed. He claims they violated his father's rights under the Fifth Amendment's Takings Clause.

Plaintiff alleges that in April 2022, he received a letter from the Springfield Township Zoning Department addressed to his father at the E. Waterloo Road property.  The letter indicated that the Edith Avenue property was unsafe and the structure was unsecured.  He claims the letter was sent by regular mail, not certified mail as required by the Ohio Revised Code. Plaintiff states that the letter did not specify why the house was unsafe.  It indicated only that the matter would be referred to the Township Trustees if the problem was not addressed.  Plaintiff believed that the Township had not declared the property to be a nuisance, and was only harassing his father.  He contends he notified his father of the letter, and returned it to the Zoning Administrator stating that the letter and the previous activities at the Edith Avenue and Waterloo Road properties were illegal.

Plaintiff's brother visited their father's house on Edith Avenue on August 2, 2022 and noticed that the power lines coming from the street and the electric meter had been removed. Plaintiff's father was away from the home.  Plaintiff's brother examined the property and found that the front door had been forced open, and there was evidence that entry through the rear door

3

(5:22CV1413)

had been attempted.  He does not indicate whether anything of value was missing from the house.

He notes that a gas-powered scooter was missing from the garage.  He states that the front door

had been forced open with such force that wall of the house was off of its foundation and the

door would no longer close properly.  He claims the house appeared normal to his brother when

he was there to mow the lawn on July 23, 2022.  His father contacted Ohio Edison regarding the

disconnected power and was told it had been ordered by the Township.  When his father's

attorney contacted the Township, he was told the power had been turned off because the front

wall of the house was falling down.  Plaintiff does not believe that the break-in was perpetrated

by individuals burglarizing an apparently vacant house.  Instead, he alleges that Township

personnel broke into the house with such force that they damaged the front wall, and then used

the damage as an excuse to cut the power.  He claims the Township took the motorized scooter

without just compensation to his father.

Plaintiff filed a Motion for Temporary Restraining Order (ECF No. 3) on August 19,

2022.  He asks this Court to order Springfield Township to refrain from carrying out any code

enforcement, remediation, demolition or removal of items from either the Waterloo Road or the

Edith Avenue properties.  He claims this Order is necessary as Springfield Township officials

have a pattern of taking quick action with short deadlines and little to no notice.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

(5:22CV1413)

which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Law and Analysis

As an initial matter, Plaintiff lacks standing to assert any claims pertaining to his father or his father's house on Edith Avenue.  Plaintiff does not own the Edith Avenue property nor does he reside there.  A party must assert his own legal rights and interests, and cannot rest his claim

5

(5:22CV1413)

to relief on the legal rights or interests of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985).  Any violation of his father's rights that occurred on his father's property are claims of his father.  The fact that Plaintiff may be collaterally affected by the adjudication of his father's rights does not necessarily extend the Court's Article III powers to him.  *Allstate Insurance Co.*, 760 F.2d at 692. The Court will consider only the events and claims pertaining to the E. Waterloo property.

Plaintiff's first claim as it pertains to the E. Waterloo property is that his Fourth Amendment rights were violated.  Plaintiff brings this claim against Springfield Township, the Springfield Township Police Department and individual Township officials sued in their official capacity.  The police department is not separate legal entity capable of being sued in its own right.  It is a subunit of Springfield Township.  Furthermore, claims against an individual in his or her official capacity is a claim against the government entity for whom he or she works.  Here, the individual Defendants are all employed by Springfield Township.  All of Plaintiff's claims, therefore, are asserted against Springfield Township.

 As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision

(5:22CV1413)

officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  Plaintiff alleges that a note was taped to his door, he saw a police car pull away from the curb and he saw foot prints around the car.  None of these facts suggests that the individuals in question acted pursuant to an official custom or policy of Springfield Township.  He also asserts he received a letter that describes something under a tarp as an unknown vehicle.  There is no indication of how the author of the letter received that information.  Again, the Complaint does not demonstrate that his constitutional rights were violated as the result of a custom or policy of the City of Springfield.

Plaintiff's claim under 42 U.S.C. § 1985 must also be dismissed.  To establish a violation of § 1985, plaintiff must allege two or more persons from conspired together for the purpose of depriving, either directly or indirectly, him of equal protection of the laws.  Furthermore, that conspiracy must be motived by an intent to discriminate against him on the grounds of race or membership in a protected class.  *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).  Plaintiff does not allege sufficient facts to suggest that a conspiracy existed, or that any of the actions he describes were motivate by his race or membership in a protected class.

Finally, Plaintiff cannot assert a cause of action under 18 U.S.C. § 241.  This is a criminal statute.  It does not provide a private right of action.  *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

7

(5:22CV1413)

## IV.  Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted,

his Motion for Temporary Restraining Order (ECF No. 3) is denied, and this action is dismissed

pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.



   August 31, 2022                         */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                           United States District Judge

8